17-0451, People v. DBCC Organization. That's all. Would both attorneys that are going to present oral argument please step up to the podium and identify yourselves for the record. Good morning, Your Honor. Christopher Carmichael on behalf of the appellants. Mr. Carmichael. Good morning. Brigitte Batista on behalf of the appellate. Ms. Batista, good morning to both of you. Each of you will have approximately 15 minutes to present oral argument. And from that, Mr. Carmichael, you may save some time out for rebuttal. All right? Yes, Your Honor. Two minutes. Certainly. All right. You may be seated. You may proceed now, counsel. Good morning. May it please the Court, Christopher Carmichael on behalf of the appellants. This case comes to this Court on a grant of summary judgment where the Court below pierced the corporate veil, and that's the primary issue we'll hear about. Under the law, there's a presumption of corporate regularity and that corporate entities are separate from their shareholders, offices, and directors. The fact that a corporation is either closely held or has only one or a few shareholders does not mean that the corporation and the person who are the shareholders are one. They shared office space, phones, fax. Is that correct? That's correct, Your Honor. And did they have corporate meetings for each and every one of the corporations? I believe the evidence is that the primary entity, DVCC, had corporate meetings, had offices and directors. What about the others? DVCC wasn't the only entity involved in this. Is that correct? No, it was not. Okay. So is your argument that the trial court erred because there was a question of fact? Yes. Okay. So if there was a question of fact, why weren't there sufficient affidavits or any other type of evidentiary matters included in your response to the summary judgment motion? So there was an affidavit from Mr. Smith and... There were also several affidavits from all of the other entities, like the 100-man group, and they never did any of the activities or things that Mr. Smith claimed they did. So how was that refuted by you? So, Your Honor, Mr. Smith's affidavit, for instance, set out that DVCC had a board of directors, that the board of directors did meet and act. Anybody on that board of directors other than Mr. Smith give an affidavit? No. Okay. So solely based on Mr. Smith's affidavit, do you think that that presented a question of fact? Yes, Your Honor. Even though that that was refuted by the myriad of evidence that the state presented? I think when we're saying refuted, Your Honor, that's a question for a trial because that's inherently weighing evidence against other evidence, saying, well, this evidence isn't... Mr. Carmichael, could I interrupt you just for a moment? I don't hear as well as I used to, but I think I keep hearing a cell phone. So all I'm asking is if somebody does have a cell phone and it might be ringing, could you just turn off your ringer? But other than that, now you can proceed. So I think what's happening is that's inherently weighing some of the evidence against... So if I give you an affidavit and I say the sky is purple and there's 10 other affidavits from the other side saying, no, it's blue, then you're saying that's question of fact? Without saying about the sky, Your Honor, yes. If one person says the light was green, the other person says the light was red, or if one person has three affidavits and the other person only has one, that's a weight issue. And when we're dealing in particular with Pierson and Corporate Bail, which is a factor test, it becomes even more problematic because it's a multi-factor test. But if there were all of these corporate formalities, why is Mr. Smith the only one with an affidavit? I don't know the answer to that question, Your Honor. Mr. Carmichael, I have a question. Following up on something that Justice Burke said, under principles of summary judgment, the affidavit that is filed has to comply with Supreme Court Rule 191. Would you agree? Yes. All right. And under that rule, and certainly subsequent cases that have interpreted it, the affidavit that is supplied has to be one that supports the statements with actual facts. It cannot be mere conclusions. Would you agree with that? Yes, Your Honor. All right. So is there any problem here with the affidavit? Because if you look at the first or the second paragraph, it says DBCC had several employees who performed high-level and decision-making functions. Other than that, that's not really factual. That's a conclusory allegation, isn't it? I didn't cite all of them, but if you look at the ones focused upon by your opponent in the response brief, paragraphs 2, 6, 15, 16, 17, and 18 are actually all And, like, saying, for example, that DBCC also had a board of directors and the board of directors met several times a year. Now, maybe that's slightly factual, but it's also mostly conclusions because it doesn't say anything about when these meetings occurred and the statement that several employees performed high-level functions. That's really not a statement of fact, is it? Well, I would say, Your Honor, that some of the things you identified are obviously conclusory, but some of them are more factual. You know, if I say there was a board of directors, that would be a fact. Now, if you add more detail about who they were and when they met, that's obviously a detail that could be added, but I'm still stating a fact. And I think when you read the affidavit... In its entirety? In its entirety. I think you have to look at the statements that you identified that might be conclusory and see if they're backed up by other facts. And I think the affidavit as a whole does list... Comply or comport with 191? Yes, and it does list facts. There are some conclusory parts to it, but there are facts that then explain those conclusory parts. And, obviously, as Your Honor identified, there could have been more detail, but the question really isn't whether there was... Whether it's sufficient as a whole. And if you look at it, he does explain that there was a board of directors, does identify members, does identify documents that were attached to the affidavit to that helped support the affidavit and provide more detail that Your Honor is looking for that would be additional facts that then would support the whole document. What about the fact that all the checks that were signed over to anyone for anything were all by Mr. Smith? That's his name, isn't it? Yes. Well, what about that? Does that support the trial court's finding of no question material backed as far as piercing the corporate bail? Why would there be no one else that would issue any check at any time? Well, he may have been the only person with signatory authority. But for every corporation? It's possible. On the bank's signature cards, they usually don't list more than a few people, especially with a small entity. If you think of a law firm, a small law firm, there might be a managing member of that law firm, and that managing member might be the only one with signatory authority over that entity with regard to the bank. They might sign all the checks. So that really doesn't go to establishing the issue they would have to establish, which is I have another case in which the corporation is paying their rent directly. The corporation writes a check and pays that person's personal rent directly. That would be an indication of not observing the form. Just merely writing a check from the corporation's account to Mr. Smith or to anyone else doesn't necessarily show that there's a mixing. It just shows that it's a small corporation and that he is the director of it, the leader of it. It doesn't necessarily show the issues that they want to show. And that's when you take a look at the factor test. I noticed in reading the appellee's brief and if you look at some of the materials submitted below, there's sort of a mixing of an issue here. So when they talk about issues, they talk about failure to comply with grant requirements, which apparently are very, very detailed. But there was really no contest about that, is there? No. Did he go to federal prison for that? I don't know if he actually went to prison or just received probation and fine. But either way, there's never been a contest regarding the failure to adhere to the grant requirements, correct? No. Yes. But my point is that I think that those facts are getting mixed in with the piercing issues, which are different. So if you have very strict requirements that you must have a document that shows that each person filled out a time sheet or something like that, that doesn't show that there's a piercing issue. Those are two separate issues. Well, that goes to the damages issue, which is your second issue, on whether they sufficiently established those things. I assume that's where you're going with that. No, actually, what I was going with is the point that I think that there's a mixed – the appellee was mixing the facts of not complying with a grant requirement and using that to say, oh, well, you should pierce the bail. But those are two different things. Piercing the bail is going to require a lot more than just not complying with documentary requirements. So with the falsification of the entities that he claimed had done work, would that go under the whether or not they should have gotten the grant? Yes. Okay, and not go to whether or not he has sufficiently established that they adhered to corporate requirements. Yes, because one of the issues I understand from the grant issue was you're not supposed to have other entities perform the services. And essentially, one of their issues with that was that these other entities were performing some of the services that DBCC should have been performing. And you're not supposed to do that with a grant. But that doesn't – if you subcontract out to another entity, that doesn't mean that the corporate form should be disregarded. A subcontract out is a normal thing. And related entities often perform different services or subcontract out to one another, and they might pay each other money. But that doesn't necessarily show that the corporate form should be disregarded, which is the main issue. And I think those two things got mixed in in the trial court and maybe caused confusion. I think they're mixed in in their brief again. And the focus needs to be more on observing the corporate form. And having an address of many entities at the same thing, that's actually probably not a very significant point. And if you think of a series LLC, there's many real estate companies that have probably 10 or 15 entities. They might all have the same address. They might have all the same president. They might have the same person to be served. But that wouldn't necessarily mean you just collapse them all in on one another just because of that. It's a multi-factor test. And when you have – So what factors did the trial court miss? I think it missed the fact that there were forms observed. There was a board of directors. There was – Do we have any names of them? Yes. Do we have any corporate minutes? Do we have any time, states, locations of when any of that occurred? I believe there were corporate minutes attached to the affidavit. For each and every one of these entities? No, Your Honor. I don't think so. Just for DBCC? I believe that's what – And it was identified as the corporate directors for DBCC as well. And I don't know if the other ones had a board of directors, if they were that big. But isn't that the point, that DBCC might have established some formality, but all of these other entities that received the grant didn't? That was why the corporate bail was pierced. Well, they didn't actually – I don't believe the other entities received the grants. They might have received some of the money after the grant went to DBCC. They might have been paid some of the money, is the theory.  I think you have to show that DBCC was not observing its corporate form. So I think the focus really should be on DBCC and whether it was observing the corporate form. And I think that's where there was competing evidence, even if it was maybe not as strong as the other evidence. But that's a wheat issue that the court should take care of. What was the evidence of maintaining an arm's-length relationship among the related entities? I mean, they were closely related and they had similar people. So there isn't any evidence of that? I would say no. Okay, and what were the observation of corporate formalities that you would hone in on for us? So the fact that the DBCC had a board of directors, it had employees who did different jobs, it had several locations, the board of directors did meet and have minutes at times. So I think those are factors that would indicate that there is at least an issue here. And I would point to a number of cases. How many other corporations were we talking about here? I'd have to count them. I believe there were four or five. Four. Can you think of any case that you can cite to us which would help us if we were to go in your favor that would show something similar to this where you have five corporations basically all operating out of the same building, same offices, same phone, same fax. Do you have a case that you think would support the piercing, not piercing here, when you have these five corporations all functioning out of the same shop, so to speak? I don't believe we've cited a case, Your Honor. I don't want to cite one now that we didn't cite. But what I would say is that the cases that we did cite, if you take a look at those, including the case I think both parties cited, which is the- Fontana? Fontana, which, I mean, obviously doesn't go in our favor. But I think the point of that case, and I noted right away when I read it, it was a trial. And a number of the other cases, the piercing cases, were either trial or evidence was heard. So that's going in your favor. You don't really, I don't think either one of you cited a summary judgment case on a corporate piercing. No. And I'm not saying there aren't those cases out there, but they may be few and far between because this factor test and competing evidence is going to require some weight. And the burden is a little bit different, isn't it, in a piercing case? It's very- Mere preponderance. Yes, and it's very strong on not piercing. And so the party that's bringing it, particularly when we're dealing with a contract situation, which is essentially what we're dealing with here, because there was a contractual relationship essentially between the state and DVCC, the burden seems to even be higher than a tort situation where somebody got injured and they're trying to pierce. Is there any problem with the fact that in this particular case there's really no contest? Now, you say these are totally separate, piercing and whether or not there's a defense to the misapplication of all these grants. But is that a problem for you, that there's no contest that there were multiple violations of the provisions of the receipt of these grants by DVCC? I think that would go to the other element of the piercing test. There's kind of two elements, and then the one element has a bunch of factors to it. That would go to more the moral or, I forgot how it's phrased. So you're sort of conceding that's a loser? Well, I think considering the evidence, it's very problematic that we would be able to establish. I think it's on the other element where there's the factors that there was an issue that warranted a trial. Now, maybe the trial might come out in the people's favor, but someone would need to hear the evidence and weigh the evidence, and they might well rule in favor of one party or against the other party. But they need to hear that evidence and weigh the evidence and say, well, I don't believe that these meetings were sufficient. I don't believe the board did a good enough job or they didn't meet enough. Or, you know, Mr. Smith, he did too much action across these companies that makes it, you know, I think is not sufficient enough. Or the other employees that ran different things in the company, well, they didn't. That's not enough to show that these things are separate. So I think those are factors that someone would weigh if they were to hear this evidence and see the people in person and decide this case. All right. Let me ask you this. Smith was the only authorized signature for all these corporations, isn't that true? On the bank accounts, as far as I know. And he wrote personal checks to himself constantly? He may have wrote payments from the corporate entities, yes. And in those personal checks, there was no resolutions from the board of directors authorizing the payment to himself, was there? I think it may have either been listed. I mean, either is or isn't. I don't believe there were, but there were no. Okay. That's your answer? There were no resolutions. Giving him the authority to take the money was? Not that I'm aware of. Okay. In addition, there was evidence of commingling of funds from one corporation to another. Money went in one, out, back to another. I don't believe there was. I believe what there was was payments that may have gone between the companies. But commingling, I think, is a different issue. Commingling would be if a check was written to one corporation and was just simply deposited in the other account. And I'm not sure they show that. They show payments going back and forth. But just merely paying one entity or paying someone else isn't a commingling. A commingling is a different animal. Okay. Well, I'm not going to argue that point with you, but I think the evidence showed commingling. But the most important thing is in Smith's affidavit, it didn't set forth any facts specifically contesting the state's evidence, did it? Not facts, just conclusions. He contested different points than they put forward about the entities. Well, I didn't find any facts. So let's assume that you say that there is a material fact for the trier of fact to decide here. What facts? Tell me what facts a trier of fact needs to decide here. It would be – Just give me one. Well, it's going to be the fact or test, Your Honor, in whether or not – No, no, forget about tests. We're talking about an affidavit. We're talking about the state's evidence. You have to create a factual situation where a trier of fact has to make a factual determination. Show me one issue where there's a factual determination. There's a – Mr. Smith – Just show me an issue. So Mr. Smith provided an affidavit – Don't talk about tests. An affidavit that said there was a board of directors. He identified the people. He said they met and they made decisions. No, no, you're not listening to me. Show me one fact that needs to be decided. Is there a fact issue that he took money? We all know he took money. It's in the record. Is there a factual issue of commingling? I don't believe there's – There's no factual issue of commingling. Is there a factual issue of authority and resolutions? There's no resolutions giving him authority to do any of these things. It looks like it's a case of fraud. And I think the court was right in doing what they did in finding a summary judgment because there's no factual issues here. You haven't shown me one. Well, Your Honor, Mr. Smith did provide an affidavit that said there were – The affidavit to me says nothing. Show me what in the affidavit says something. The affidavit said there was a board of directors. Well, so what? Anybody could have a phony board of directors. Well, they did meet. There were minutes attached to the affidavit. Okay. And that they did exercise some authority. But those minutes did not show resolutions of the corporate entity giving him authority to do what he did. That may have been generally delegated to him. Well, I mean, that's what's missing. I mean, you know, if you have commingling and you have money that somebody takes out personally and he did it without authority, that's why we pierce corporate veils. So, I mean, how do you get around that? I mean, you know, normally in a motion for summary judgment, the only thing you have to do is create a factual issue. But I looked through this. I can't find one. And you can't tell me one. Well, again, Your Honor, I don't think they showed commingling because merely a payment to Smith is not a commingling. As far as Mr. Smith and DBCC, does it really matter about the other corporations in the sense that could the court here have concluded that actually Mr. Smith was, in fact, DBCC? Well, I think that was the primary issue. Well, there's other corporations. I mean, the court pierced the corporate veil of all of these, didn't it? Yes. But, I mean, if Mr. Smith is really DBCC, then would you concede that that's a losing proposition for you? With regard to the other entities? Yeah. But isn't the main picture here that Smith is really DBCC? There really wasn't any oversight by DBCC. It was really Mr. Smith running the whole shop, and he's the one that benefited the $8 million. That is the main issue in the case. Okay. Well, I understand. I think we all understand. Your position is that this affidavit, and it's the only affidavit, that that raises questions of material value. So I'll let you, if there's anything further you want to add right now, and otherwise we're certainly going to give you some time for rebuttal. No, I think that's my point. Thank you. All right. Ms. Batista? Good morning. Good morning. At least the court. Bridget D. Batista on behalf of the people of the State of Illinois. Ms. D. Batista, let me ask you this. Do you have a case where the court, at summary judgment, pierced the corporate bail that you think we should be looking at very closely? Your Honor, in determining the appropriate standard of review in this case, I did thoroughly research to determine whether there was a summary judgment case for piercing the corporate bail. I was not able to identify such a case, but I think that's because this is such an unusual circumstance where there was no evidence in this case presented by my opponent to show that piercing the corporate bail was not appropriate here. All we have is a conclusive affidavit. So I think the fact that – oh, sorry, Your Honor. I think I understand your position, truly, that this affidavit doesn't really support case authority, that it's factual, and the court at our level and the trial court does not accept evidence that would not be admissible at trial. It has to be confident. So one of your opposing counsel, Mr. Carmichael, argues that the allegations in the affidavit say that DBCC had a board of directors and that the board of directors met several times a year. They set policies, rules, and regulations. Is that raising a question of material factor? No, Your Honor, it is not. Why not? It is a bare conclusion, and we looked at the cases cited in our brief, including Kresko and others. We see that a mere denial, a bald assertion that this was not done is insufficient. There has to be evidence substantiating these conclusions. Well, you said there were affidavits and minutes of the meetings. Your Honor, despite that representation, minutes were not attached to this declaration. I am unclear as to what minutes my opposing counsel is referencing. Although there was evidence that these corporations were potentially formed, they point to documents establishing the corporations, the question is, was there an adherence to the corporate form? Were they functioning as corporations? There has been no evidence to substantiate that these were actually functioning as separate entities as opposed to mere alter egos of Smith as a vehicle for fraud. And I also want to address a point my opposing counsel made about mixing of issues going on here. There is the issue of piercing of corporate bail, and there is the issue of liability under the Grant Funds Act. The fact is some of the evidence supports both of these issues. All right. So he really says it doesn't. He's saying it's strictly for the second prong of the piercing of corporate bail. Could you tell us how the fact that there was no actual denial of all these violations of the grant program and that everything was – I mean, absolutely there's no contest on that. So tell us how these factors support the first prong. Absolutely, Your Honor. So regarding piercing of corporate bail, the factors that were considered by the courts and which should be affirmed here were commingling of funds, nonfunctioning of officers and directors, a failure to observe corporate formalities, and failure to maintain arm's length relationships among related entities. Now those are the factors. What specific to your case demonstrates that? Smith was the final decision maker with respect to all corporate defendants. He held signatory authority with respect to all bank accounts. This demonstrates commingling and also nonfunctioning of other officers. Counsel's argument was that commingling wasn't shown, just payments from DVCC to the other ones. What's the difference between the payments and commingling? Your Honor, we see that there was, in fact, commingling, that these grant funds, instead of being treated for the purposes that they were granted under each respective contract, were treated as an undifferentiated pool of assets among each entity. There was no documentary evidence for several transactions. So, indeed, these funds were commingled. It was not simply select payments to different entities. They were, again, treated as an undifferentiated pool without respect to the purposes behind each grant. And, again, just going back to the declaration, there was no evidence in support of corporate meetings. There was no meeting minutes. And as one of the justices mentioned, there was no affidavit of other officers. There is evidence that could have been brought here that was not brought to demonstrate a functioning, these corporations were functioning corporations and not mere alter egos of Smith. Additionally, there was no weighing of evidence in this case. My opponent raised this argument during his oral argument, also in his brief, that there was a weighing going on, which is obviously inappropriate for summary judgment. There was no weighing here because there was simply no evidence to weigh against the myriad evidence the state brought. In other words, this conclusory affidavit did not establish facts to weigh against the evidence that was brought by the state. And in this way, the Circuit Court properly limited its inquiry on summary judgment. Was there a question for the jury here? My opponent states that, yes, the declaration could have been more detailed. Summary judgment is the time to present that detail. And a conclusory affidavit is simply insufficient for that purpose. Well, explain to me, though, how you say that the fact that there was no contest whatsoever of the violations of all the, you know, the grant provisions, how does that support piercing the corporate veil under the first prong with the I think the second prong you're referring to the fraud. Yes. So we pierce the corporate veil when we find not only are they mere alter egos of one another, which some of the same evidence to establish violation of the Grant Fund Recovery Act establishes that, but we also look to, once we've established that they're alter egos of one another, should we pierce the corporate veil because otherwise it would promote an injustice, there would be fraud. And that is exactly this case. It just happens that the issue, the liability issue, is a fraud issue. That isn't always the case. In a piercing the corporate veil case, if we look to Fontana, it was a breach of contract case. The liability portion was not fraud. In our case, it is the fraudulent activity, and that's also a basis that courts employ or look to when they apply the piercing the corporate veil doctrine. So we can really look at the conduct, the fraudulent conduct, in determining whether or not there are these factors that would suggest the alter ego, that being the unity of interest, you know, the arm's length transactions not being followed. So you're saying that the fraudulent conduct itself can be reviewed for purposes of determining whether these formalities were really just a sham. Absolutely, Your Honor. It just so happens that the issue of the violation of the Grant Fund Recovery Act, some of that evidence, also works to establish the basis for piercing the corporate veil. We are not mixing these issues. It just happens that some of the same evidence may be used to establish both of these elements. All right. And I don't believe my opponent raised the issue with respect to the judgment amount, but that was an issue raised in the brief, that there was a question of fact with respect to the judgment amount. But, again, Smith utilizes the same conclusory declaration to argue that the judgment amount was not accurate. Well, he said, I think, are you referring to his statement in the Yes. And, again, that's a mere conclusion. But even if this Court were to look to that as evidence, the fact that he did not personally receive it is not the inquiry, the sole inquiry under the Grant Funds Recovery Act. It is not simply did it go to his personal bank account, but was it mismanaged or misspent. And for these reasons, unless the Court has any further questions, we ask that the Court affirm the grant of summary judgment in this case. All right. Thank you. Thank you, Mr. DiFatista. Mr. Carmichael. So, Your Honors, you've heard that there aren't SJ cases that the appellee could find on this issue. And there's probably a reason for that because of the inherent factual nature of a factor test in a piercing case. And why courts need to weigh the evidence and hear the witnesses. Now, this was a small corporation. The other entities were small companies. They were effectively run by a single person. But that, as a precedential matter, shouldn't make them all be wound up together because they were small and one person was effectively their leader. There's a number of small companies out there and related entities. And as a precedential matter, that's not a good pattern to set. If those are factors, that's one thing. If that's somehow determinative, that's not quite the same thing. And Mr. Smith obviously is not a favorable defendant. He was indicted and convicted or pled guilty. There's allegations of misspent money. But there were statements about DVCC acting as a corporation that at least raised a question that should have been resolved by court hearing evidence. But you are basing that entirely on the affidavit that Mr. Smith filed. There isn't anything else you're talking about that we would look at, correct? That's partially correct. And I would also point it out, I think that on a number of the items that the state submitted, they're not necessarily indicative of what they say they are. So it's really more of an interpretation of the evidence. Again, I think when they were asked about commingling, they talked about the grant funds being not used for the purposes that they were submitted. That's a grant issue and a documentary issue, not a commingling issue. A commingling issue, again, is where money is going in and out of accounts, going into the wrong accounts, and things like that. It is not an issue where I'm receiving grant funds and I'm not supposed to pay them to anybody else and I do that. That's a different issue. That doesn't mean the corporate forum wasn't adhered to. That means I didn't follow the grant terms. And I think that's partially here where there's a problem in this case, both below and in the Eppley's brief, that those issues are kind of mixed together on the piercing, because it looks like there is misuse, but that's misuse on a grant level where there's all these restrictions, not necessarily a piercing issue. And so we ask the court to reverse and have a trial. All right. Thank you, Mr. Carmichael. Thank both of the attorneys. And we will take this matter under advisement.